**In re BOLANDER.**

[Cite as *In re Bolander* (1993), 88 Ohio App.3d 498.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–124.

Decided July 6, 1993.

*Jerry Petersen* and *Tanja M. Holecek,* for appellant.

*Linda D. Cooper,* for appellee.

*Patrick D. Quinn,* for Daniel Smith.

CHRISTLEY, Judge.

This appeal has been taken from a judgment of the Lake County Court of Common Pleas. In this judgment, the trial court denied the motion of appellant, Esther W. Bolander, to dismiss the guardian over her estate.

In May 1991, an application for the appointment of a guardian over appellant's person and estate was filed in the trial court by appellant's niece. Following a hearing on the application, the court issued a judgment appointing a guardian over appellant's estate only. This appointment was predicated upon the court's finding that appellant was incompetent as a result of being legally blind. As part of this particular judgment, the court appointed appellee, Linda D. Cooper, as guardian, instead of the niece.

Appellant immediately appealed the imposition of the guardianship to this court. Based upon the fact that appellant failed to provide a proper transcript of the hearing on the application, we affirmed the trial court's judgment in all respects. *In re Bolander* (Mar. 27, 1992), Lake App. No. 91–L–091, unreported, 1992 WL 86525. Following the entry of our judgment, appellant filed a motion for reconsideration, under App.R. 26. In May 1992, this court denied appellant's motion on the ground that it had not been filed in a timely manner.

While the foregoing appeal was pending, appellee moved the trial court to appoint a psychiatrist for the purposes of performing an evaluation. After appellant had filed a response, the court granted this motion.

In March 1992, the appointed psychiatrist filed a three-page report with the trial court. In this report, the psychiatrist indicated that he had interviewed appellant on two occasions. The following quote is the doctor's summation and opinion from this report:

"Based upon the two clinical interviews, it is my opinion, with reasonable medical certainty, that Esther Bolander does not presently demonstrate significant deficiencies in her mental status examination. There is no evidence of delusions or hallucinations. She is oriented and in contact with reality. *There*

*are no impairments in intellectual functioning of sufficient severity to warrant a diagnosis of dementia.*

"Esther Bolander is lonely, is desirous of attention and affection, and has a propensity, by her own admission, to be attracted to younger men. This, coupled with her past behavior of giving away a large sum of money, indicates that she is vulnerable and could be easily swayed. Hopefully, some protections, short of guardianship, can be implemented so that Mrs. Bolander's funds are not mishandled. Her funds need to be protected so that they can be utilized in her best interests. *In my opinion, however, she possesses sufficient mental capabilities to handle her day-to-day affairs.*

"If the court determines by reason of *other evidence* that a guardianship is indicated, Mrs. Bolander has sufficient mental capabilities to assist in judgments made about her estate. While her estate needs to be protected from outsiders, it should be used to her benefit with wide latitude as she has the capability of making judgments about things that she would enjoy in the future." (Emphasis added.)

Following the filing of the foregoing report, appellant moved to dismiss the guardianship. In the motion, appellant essentially presented two arguments for consideration. First, she maintained that since the guardianship had been imposed as a result of a physical disability, it had been void *ab initio* because she had never consented to its original imposition. Second, she argued that even if the guardianship had been proper at its inception, her consent was required in order for it to continue. This latter argument was premised upon the psychiatrist's finding that she was mentally competent at the present time.

Before appellee could file a response, and without benefit of an oral hearing on the matter, the trial court issued its judgment denying appellant's motion. In now appealing from this particular judgment, appellant assigns the following as error:

"The probate court erred in denying Esther Weber Bolander's motion to dismiss guardianship over her estate only when the establishment of said guardianship was contrary to law."

Under this assignment, appellant essentially raises the two arguments which formed the basis of her motion at the trial level. In the first part of the assignment, she submits that the guardianship should have been dismissed because she never consented to its original imposition. In support of this argument, she cites R.C. 2111.02.

In her appellate brief, appellant asserts that R.C. 2111.02 contains the following provision:

"If a person is incompetent due to physical disability, the consent of the incompetent must first be obtained before the appointment of a guardian for him, and such person may select a guardian who shall be appointed if a suitable person * * *."

Since the trial court's initial finding of incompetency was predicated upon the fact that appellant was legally blind, the foregoing provision would have been applicable *if this provision had been in effect on the date the guardian was imposed.* However, while prior versions of R.C. 2111.02 contained this provision, our review of the present version, which had already taken effect on the date the application for a guardianship was originally filed in this case, indicates that it does not refer to incompetency due to physical disability or to the necessity of obtaining the consent of the ward prior to imposing the guardian. Moreover, our review of the present version of R.C. 2111.01 shows that the definition of "incompetent" was significantly altered when the statutes were last amended in January 1990.

Prior to the last amendment, R.C. 2111.01(D) provided:

"(D) 'Incompetent' means any person who by reason of advanced age, improvidence, or mental or physical disability, or infirmity, chronic alcoholism, mental retardation, or mental illness, is incapable of taking proper care of himself or his property or fails to provide for his family or other persons for whom he is charged by law to provide, or any person confined to a penal institution within this state."

In contrast, the present version of this statute provides:

"(D) 'Incompetent' means any person who is so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that he is incapable of taking proper care of himself or his property or fails to provide for his family or other persons for whom he is charged by law to provide, or any person confined to a penal institution within this state."

■ Under the old definition, a person could be found incompetent solely upon the ground that a physical disability had rendered her incapable of taking proper care of herself or her property; *i.e.,* it was not necessary to also show that the physical disability had rendered the person mentally impaired. Under the new definition, though, a trial court must find that the person is mentally impaired before it can ultimately conclude that she is incompetent. While the person's mental impairment can be the result of a physical disability, the physical disability itself cannot form the basis of a finding of incompetency. In other words, a guardianship can no longer be imposed under R.C. 2111.02 simply because a person has a physical ailment.

As to this point, this court would note that R.C. 2111.021, which was enacted on the same date that the present versions of R.C. 2111.01 and 2111.02 were last amended, sets forth a procedure under which an adult who is physically infirm can petition the probate court to place his real or personal property under a conservatorship. However, in order to invoke this procedure, the adult must be competent.

Under the present statutory scheme, a guardianship of the estate can only be appointed over a person who has been rendered "incompetent" (mentally impaired) as a result of a physical disability. In its judgment on the original application for a guardianship in this case, the trial court found that appellant was "incompetent" as a result of a physical disability.[1] Under the present version of R.C. 2111.02, this was all the court had to find in order to appoint a guardian over the estate. Thus, appellant's consent was not needed.

In addition, this court would note that, as was the case in the first appeal before us, the record in this appeal does not contain a transcript of the hearing on the initial application. Thus, leaving aside the question of whether appellant can properly challenge the validity of the initial appointment in this second appeal, appellant is not able to show that she did not consent, even if her consent had been required. Without a proper transcript, this court must assume that the initial appointment was proper. Appellant's first argument in her sole assignment is accordingly without merit.

In the second part of the assignment, appellant asserts that in light of the psychiatrist's report, the trial court erred in not concluding that the guardianship was no longer necessary. Specifically, she contends that the guardianship should have been terminated because the psychiatrist found that she was mentally capable of handling her day-to-day affairs.

R.C. 2111.47 provides that upon the presentation of "satisfactory proof" that the reason for the guardianship no longer exists, the probate court must order its termination. In interpreting this statute, the Supreme Court has held that when the necessary proof has been submitted, the probate court has a mandatory duty to end the guardianship. *In re Breece* (1962), 173 Ohio St. 542, 20 O.O.2d 155, 184 N.E.2d 386.

In *Breece*, the court also addressed the question of the quantum of evidence needed to satisfy the requirement of satisfactory proof. As to this point, the

1. In its judgment, the trial court did not state that it found that appellant was mentally impaired as a result of being legally blind. However, the court was only required to state its ultimate finding of incompetency. In the absence of any indication to the contrary in the judgment, this court must assume that the trial court did indeed find mental impairment.

court first noted that once a person has been found to be incompetent, it is presumed that she has remained incompetent; however, this presumption is rebuttable. The court then noted:

"Where the presumption is a rebuttable one, as in this case, the production of evidence disputing or contrary to the presumption causes the presumption to disappear where such evidence to the contrary either counterbalances the presumption or even when it is only sufficient to leave the case in equipoise." *Id.* at 555, 20 O.O.2d at 162, 184 N.E.2d at 394.

Thus, it would appear that the statutory requirement of "satisfactory proof" will be deemed to have been met when some evidence of competency has been presented. This standard is consistent with the general proposition that a guardian should only be appointed under the most dire circumstances.

In this case, the only evidence before the trial court in ruling on appellant's motion to dismiss was the report of the psychiatrist. In this report, the psychiatrist stated that in his opinion, appellant was mentally capable of handling her day-to-day affairs. Although he also stated that appellant was vulnerable and could be easily swayed, the psychiatrist reiterated that he felt that a guardian was not needed.[2]

■ Without a transcript of the original hearing, this court cannot determine what evidence was given in support of a finding of incompetency. Regardless of the nature of this evidence, though, the psychiatrist's report was clearly sufficient to rebut the presumption of continuing incompetence. This report clearly does not provide the basis for the continuation of the guardianship, regardless of how any of us might approve or disapprove of how and on whom Bolander spends her money. As long as she is determined to be competent, she may spend her money as she pleases.

As the trial court accordingly erred in denying appellant's motion to dismiss the guardianship, this aspect of her assignment is well taken.

For the foregoing reasons, the judgment of the trial court is reversed, and judgment is hereby entered in favor of appellant: to wit, it is the order of this court that the guardianship over Esther Weber Bolander be terminated.

*Judgment accordingly.*

---

**2.** As to this point, we would emphasize that it was not necessary for the psychiatrist to address the question of appellant's physical capabilities. Per our discussion under the first part of this assignment, her physical capabilities were irrelevant to the question of whether she was still incompetent.

JOSEPH E. MAHONEY, J., concurs.

FORD, P.J., dissents.